IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MICHELLE SAMPSON**
5140 Pebble Brook Drive
Englewood, Ohio 45322

Case No.: 3:21-cv-301

Judge

Plaintiff,

vs.

**DEPARTMENT OF VETERANS AFFAIRS**
Dennis R. McDonough
810 Vermont Avenue
Washington, D.C. 20420

**COMPLAINT WITH
JURY DEMAND**

Defendant.

---

Now comes Plaintiff Michelle Sampson ("Sampson" or "Plaintiff") by her counsel, and for her Complaint against Defendant Department of Veterans Affairs hereinafter referred to as "Defendant" states as follows:

### I. PARTIES, JURISDICTION & VENUE

1. This is an action predicated on discrimination and a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq, 42 U.S.C. 2000(e), et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621, et seq.

2. Plaintiff is a resident of Englewood Ohio and is a former employee of the Dayton VA Medical Center.

3. Defendant Department of Veteran Affairs has various offices located in Ohio and other states, including locations in this judicial district, such as the Dayton VA Medical Center.

4. Jurisdiction in this Court is proper at least pursuant to 42 U.S.C. 2000(e) and 29 U.S.C. §621. Plaintiff is an African American female over the age of forty.

5. Venue properly lies with the Southern District of Ohio, Western Division because Defendant conducts business in this district.

6. On or about August 6, 2021, the Department of Veterans Affairs issued a Final Agency Decision ("FAD") which granted Plaintiff the right to bring this action in this Court no later than ninety days after Plaintiff's receipt of the decision. Plaintiff has timely filed this Complaint.

## II. FACTUAL BACKGROUND

7. Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8. Plaintiff was employed as a Staff Psychologist at the Dayton VA Medical Center at all material and relevant times herein. Plaintiff is an African American and is over the age of forty (40). Plaintiff began her employment with Defendant on May 13, 2019.

9. At all relevant and material times, Plaintiff's supervisor(s) and management team were aware of her race and age.

10. In May 2019 Plaintiff's first line supervisor, Kristen Rodzinka advised Plaintiff that she was not comfortable with discussions about race. Ms. Rodzinka is Caucasian.

11. On June 10, 2019 Ms. Rodzinka ignored and did not respond to an article that Plaintiff sent to her and other staff members concerning the treatment of veterans of color.

12. Sometime on or around June 2019 Ms. Rodzinka advised Plaintiff she was having dating problems and that she was going "to start dating black guys."

13. Between June and early July 2019, Plaintiff's second line supervisor, Bobette Hart-Nelms the Director of the Mental Health Residential Treatment Program told Plaintiff she had been

trying to integrate the trauma recovery department for some time and asked Plaintiff, "How are you doing and how are they treating you?"

14. Sometime between June 2019 and September 13, 2019 Ms. Rodzinka gave Plaintiff a paper "smile on a stick" and stated, "Oh well this is for you but obviously this is not the right color," which Plaintiff found to be offensive.

15. Sometime between June 2019-September 13, 2019, Plaintiff advised Ms. Rodzinka that her computer software wasn't working, but Ms. Rodzinka did nothing to assist her, which affected Plaintiff's ability to perform her job duties.

16. At one time prior to September 13, 2019 during a discussion with Ms. Rodzinka regarding Plaintiff's credentialing review and progress, and how the Center Medical Director might view it, Ms. Rodzinka told Plaintiff, "I don't know what he will do, but he is a white middle aged man who grew up in the 60's and was in Vietnam. You can safely apply every stereotype you can imagine to what he's like."

17. On September 13, 2019 Plaintiff received a management directed detail to the Homeless Program for Mental Health pending results of a Fact Finding investigation into her alleged inappropriate patient care without any prior warning.

18. As a result of the September 13, 2019 detail assignment, Plaintiff was denied the opportunity to complete Cognitive Processing Theory Training.

19. On November 15, 2019 Plaintiff resigned her employment with Defendant in lieu of being terminated constituting a constructive discharge. Defendant advised Plaintiff it was going to terminate her if she did not resign.

20. The culmination of events listed above created a hostile work environment for Plaintiff predicated on her race and age.

### III. CLAIMS FOR RELIEF
### A. RACE DISCRIMINATION

21. Plaintiff restates the previous allegations of paragraphs 1-20 herein.

22. Plaintiff, by the treatment of her first line and second line supervisors was treated differently than comparable Caucasian employees in respect to her working conditions, and which eventually lead to her termination on November 15, 2019.

23. The comments and actions described herein were calculated to make Plaintiff's working conditions so difficult that any reasonable person, including Plaintiff would feel compelled to resign. In addition, Plaintiff was advised that if she did not resign she would be terminated.

24. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, including emotional distress and mental anxiety, attorney fees and costs.

### B. AGE DISCRIMINATION

25. Plaintiff restates the previous allegations of paragraphs 1-24 herein.

26. Plaintiff, by the treatment of her first line and second line supervisors was treated differently than comparable substantially younger employees in respect to her working conditions, and which eventually lead to her termination on November 15, 2019.

27. The comments and actions described herein were calculated to make Plaintiff's working conditions so difficult that any reasonable person, including Plaintiff would feel compelled to resign. In addition, Plaintiff was advised that if she didn't resign, she would be terminated.

28. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, including emotional distress and mental anxiety, attorney fees and costs.

### C. HOSTILE WORK ENVIRONMENT

29. Plaintiff restates the previous allegations of paragraphs 1-28 herein.

30. Defendant subjected Plaintiff to unwelcome personal slurs and conduct which was predicated on her race and age and was so severe and/or pervasive to constitute unlawful workplace harassment which would culminate in her resignation/termination.

31. The conduct and actions described above were calculated to make Plaintiff's working conditions so difficult that any reasonable person, including Plaintiff would feel compelled to resign. In addition, Plaintiff was advised that if she didn't resign she would be terminated.

32. As a result of Defendant's unlawful actions, Plaintiff has incurred economic and compensatory damages, including emotional distress and mental anxiety, attorney fees and costs.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michelle Sampson respectfully demands judgment against Defendant Department of Veterans Affairs and prays for the following relief;

- A. The removal of all documents and records from her personnel file associated with the 2019 termination/resignation;
- B. Reinstatement, together with the recovery of lost wages and benefits;
- C. An award of compensatory damages in the amount of $300,000;
- D. An award of pre and post judgment interest;
- E. Statutory damages;
- F. An award of reasonable attorney fees and costs; and
- G. Such other relief that this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

/s/ **David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH:   (937) 297-1154
FAX:  (937) 297-1152

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

/s/ David M. Duwel
Attorney at Law

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

/s/ David M. Duwel
David M. Duwel